AO 241 (Rev. 09/17)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Middle - Tampa |
|---|---|

| Name (under which you were convicted): Philip Pancoast | Docket or Case No.: |
|---|---|

| Place of Confinement : Suwannee C.I. 5964 U.S. Hwy 90 Live Oak, Florida 32060 | Prisoner No.: 258B10 |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| Philip Pancoast | v.  Ricky Dixon, Secretary, Fla. Dept. of Corrections |
| The Attorney General of the State of: | |

**PETITION**

8:22-cv-861-KKM-AAS

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Sixth Judicial Circuit Court, Pinellas County, Florida

   (b) Criminal docket or case number (if you know): 10-032716 CFANO-C

2. (a) Date of the judgment of conviction (if you know): December 17, 2009

   (b) Date of sentencing: December 17, 2009

3. Length of sentence: 30 years

4. In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Ct. 1 - Poss Explosives
   Ct. 2 - Poss Hoax Bomb
   Ct. 3 - Attempted Robbery
   Ct. 4 - Obstruction

6. (a) What was your plea? (Check one)

   ☑ (1) Not guilty    ☐ (3) Nolo contendere (no contest)

   ☐ (2) Guilty    ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did
you plead guilty to and what did you plead not guilty to?  NA _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☑ Jury    ☐ Judge only

7.     Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☑ Yes    ☐ No

8.     Did you appeal from the judgment of conviction?

    ☑ Yes    ☐ No

9.     If you did appeal, answer the following:

(a) Name of court:   Second District Court of Appeal - Florida

(b) Docket or case number (if you know):   UNKNOWN

(c) Result:   Per Curiam Affirmed

(d) Date of result (if you know):   May 14, 2012

(e) Citation to the case (if you know):   Pancoast v. State, 88 So. 3d 945 (Fla. 2d 2012)

(f) Grounds raised:   unknown but this Habeas Petition is based on new
evidence discovered Jan. 22, 2021 and has not been raised in
any other motion

_____

_____

_____

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

    If yes, answer the following:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Result: _____

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☑ Yes    ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): UNKNOWN

(2) Result: Dismissed

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: Sixth Judicial Circuit Court, Pinellas County, Florida

(2) Docket or case number (if you know): 10-03296-CFANO-C

(3) Date of filing (if you know): Unknown

(4) Nature of the proceeding: Various postconviction motions

(5) Grounds raised: None of the filings raised the same ground as in this petition which is predicated on new evidence discovered Jan. 22, 2021

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: _____

AO 241 (Rev. 09/17)

      (8) Date of result (if you know): _Unknown_____

  (b) If you filed any second petition, application, or motion, give the same information:

      (1) Name of court: _Florida First and Second District Courts of Appeal_

      (2) Docket or case number (if you know): _Unknown_____

      (3) Date of filing (if you know): _Unknown_____

      (4) Nature of the proceeding: _Various postconviction motions_____

      (5) Grounds raised: _None of the filings raised the same ground as in this_
_petition which is predicated on new evidence discovered_
_Jan. 22, 2021._

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      ☐ Yes  ☑ No

      (7) Result: _____

      (8) Date of result (if you know): _____

  (c) If you filed any third petition, application, or motion, give the same information:

      (1) Name of court: _Florida Supreme Court_____

      (2) Docket or case number (if you know): _Unknown_____

      (3) Date of filing (if you know): _Unknown_____

      (4) Nature of the proceeding: _Various postconviction motions_____

      (5) Grounds raised: _None of the filings raised the same ground as in_
_this petition which is predicated on new evidence discovered_
_Jan. 22, 2021._

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:    ☐ Yes    ☑ No

(2) Second petition:    ☐ Yes    ☑ No

(3) Third petition:    ☐ Yes    ☑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

Said motions filed had no right to appeal under state law

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set
forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE: * See attached - Ineffective Assistance Trial Counsel -
Untimely.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

_____

# GROUND ONE – UNTIMELY

**The Fact Summary:**

Petitioner raised Ineffective Assistance Trial Counsel that is predicated on new fact evidence discovered **January 22, 2021.** Once new fact evidence is discovered, the claim must be filed within two (2) years- **January 2023.** petitioner filed this claim **March 16, 2021.**

There is no state court disagreement that the new facts discovered **January 22,2021** were unknown. The court denied the claim as untimely.

> **THE STATE COURT DENIAL RESULTED IN A DECISION THAT WAS BASED ON A UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED**
> **AND/OR**
> **RESULTED IN A DECISION THAT WAS CONTRARY TO OR INVOLVED AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED BY THE SUPREME COURT OF THE UNITED STATES**

**THE FACT EVIDENCE:**

1. The state court order **( May 13, 2013)** provides Petitioner's sole tenet of defense, through the entire pendency of proceedings, was a person could not try to rob a bank at 4am when banks are closed. Additionally, there is no state court dispute that throughout post conviction proceedings- without exception- petitioner has maintained this sole defense.

2. The state court order **(January 22, 2021)** – for the very first time- addressed Petitioner's sole defense. The court finds Petitioner "apparently does not understand" the facts and law applicable to the charges: A closed bank has no bearing whatsoever on the issue of guilt. This is both pertinent and material to the case/defense.

3. To rule this deficient counsel claim is untimely, the state court provides its order **(January 22, 2021)** finding Petitioner "does not understand" is not evidence. Second, the court now says it made no such finding and "simply stated" attempted robbery, a closed bank has no bearing on guilt. The court's reasoning to find this claim untimely has no legal basis.

4.  The proper standard of review to determine s untimely filed claim is dictated by the state Rule

3.850 (b)(1), that provides in pertinent part:

" the facts [~~████████████████~~ discovered Jan. 22, 2021 ]
on which claim [deficient counsel]
is predicated were unknown to movant"

5.  Under this proper untimely analysis, it does not matter if the state court order is not    evidence

or the court "simply stated." It does not matter how new facts are discovered- only that said facts

were unknown. To reiterate, there is no state court disagreement that the facts which this deficient

counsel claim is predicated and discovered **January 22, 2021** were unknown to Petitioner.

## CONCLUSION

Petitioner has shown by clear convincing evidence overcoming the state court determination that is not

only wrong- it is unreasonable. As explained, the state court timely analysis is without legal principal, it

did not follow the standard of review dictated by state rule 3.850 and essentially did not timely analysis-

a violation of due process.

Furthermore, the state court provides a state Supreme Court precedent (Mills v. State, Fla. 2001)

holding new evidence requires to probably result in acquittal or retrial. This does not apply to Petitioner's

claim because he raised deficient counsel- not new evidence. Petitioner's motion identified the applicable

state and U.S. Supreme Court precedent (Strickland, U.S. 1984)- absent deficient counsel, Petitioner

would receive a more favorable result.

## RELIEF REQUESTED

Petitioner respectfully requests this Honorable Court GRANT the Writ for Ineffective Assistance

Trial Counsel. Also, as there is no state court disagreement to fact or merit, the order direct Petitioner be

re-sentenced to a more favorable sentence/term as identified in the original motion which Petitioner

could/would have received absent deficient counsel.

AO 241 (Rev. 09/17)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:   This claim is predicated on new evidence discovered Jan. 22, 2021 which is after the direct appeal concluded

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Habeas Corpus and/or Postconviction Rule 3.850

Name and location of the court where the motion or petition was filed:   Sixth Judicial Circuit Court, Pinellas County, Florida

Docket or case number (if you know):   10-03296 CFANO-C

Date of the court's decision:   April 3, 2021

Result (attach a copy of the court's opinion or order, if available):   Denied - Untimely * see attached

(3) Did you receive a hearing on your motion or petition?     ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Second District Court of Appeal - Florida

Docket or case number (if you know):   2D21 - 1944

Date of the court's decision:   February 23, 2022 Mandate issued March 22, 2022

Result (attach a copy of the court's opinion or order, if available):   Per Curiam Affirmed * see attached

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ☑ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:

        _____

        _____

        _____

        _____

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

        NA

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ☑ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.    U.S. District Court, Middle District, Tampa

Division; Case No.: 8-14-CV-2630-T-17-AEP

Grounds 1 and 3: actual innocence, deficient trial and appellate counsel

Grounds 2 and 11: double jeopardy, deficient trial and appellate counsel

Validity of the Information: deficient trial and appellate counsel

Ground 5: Insufficient Evidence: deficient trial and appellate counsel

Ground 6 and 7: Convictions not authorized by legislature

Ground 8: improper jury instructions    Ground 9: denied right to counsel

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.    _____

        _____

        _____

        _____

        _____

Ground 10: Trial court error denying motion to dismiss; deficient trial and

appellate counsel

Ground 12: denial due process, equal protection, fundamental fairness

Result: Denied with prejudice August 8, 2016

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Public Defender, 14250 49th St. N., Clearwater, FL 33762

(b) At arraignment and plea: Public Defender

(c) At trial: Pro Se

(d) At sentencing: Public Defender

(e) On appeal: Public Defender

(f) In any post-conviction proceeding: Pro Se

(g) On appeal from any ruling against you in a post-conviction proceeding: Pro Se

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes    ☑ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

January 22, 2021 – the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Prior to Jan. 22, 2021, the facts on which the claim is predicated

AO 241 (Rev. 09/17)

were unknown to Petitioner.

The AEDPA clock began on 1-22-21 and stopped on 3-16-21 when Petitioner filed a Habeus Corpus/Postconviction Rule 3.850 absorbing 55 days of the 365 AEDPA filing deadline, a balance of 315 days remain.

From 3-16-21 through 3-22-2022 the AEDPA clock tolled for several motions and appeal were filed, the clock re-starting 3-22-2022 when the Appellate Court Mandate was issued.

From 3-23-2022 until 4-6-2022 when this Petition was placed into the hands of prison officials for mailing, a balance of 300+ days remain.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    Habeas relief "identified in

Ground One

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Provided to Suwannee
Correctional Institution on

APR 0 6 2022

Executed (signed) on    April 6, 2022    (date).    for mailing, by _____

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT OF
THE STATE OF FLORIDA IN AND FOR PINELLAS COUNTY
CRIMINAL DIVISION

STATE OF FLORIDA,

v.

PHILIP RAYMOND PANCOAST,
Person ID: 840695, Defendant.

CASE NO.:   CRC10-03276CFANO
UCN:        522010CF003276XXXXNO
DIVISION:   C

### ORDER DENYING DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF
#### (STYLED AS "HABEAS CORPUS INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL")

### **FIRST WARNING AGAINST FRIVOLOUS FILINGS**

THIS MATTER is before the Court on Defendant's *pro se* Motion for Postconviction Relief filed March 16, 2021, pursuant to Florida Rule of Criminal Procedure 3.850. Having considered the motion, record, and applicable law, the Court finds as follows:

#### BACKGROUND

On December 2, 2010, a jury convicted Defendant of possession or use of explosives (Count 1), possession of a hoax bomb (Count 2), attempted robbery (Count 3), and obstructing or resisting an officer without violence (Count 4). The Court sentenced him to 15 years in prison on each of Counts 1 and 2, 5 years on Count 3, and time served on Count 4. Counts 2 and 3 were ordered to run concurrently with each other and consecutive to Count 1. Defendant's convictions and sentences were *per curiam* affirmed on appeal and the mandate issued May 17, 2012. *See Pancoast v. State*, 88 So. 3d 945 (Fla. 2d DCA 2012) (Table).

#### ANALYSIS

The Court notes, initially, that the motion is untimely. Rule 3.850(b) requires that motions filed thereunder be filed within two years after the judgment and sentence become final. Fla. R. Crim. P. 3.850(b). Because Defendant's judgment and sentence became final on May 17, 2012, he had until on or about May 17, 2014 to timely move for postconviction relief.

Acknowledging that the motion is untimely, Defendant contends it falls within the newly discovered evidence exception to the two-year time bar. Specifically, Rule 3.850(b)(1) provides an exception if "the facts on which the claim is predicated were unknown to the movant or the

*State v. Philip Raymond Pancoast, CRC10-03276CFANO*

movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence." Fla. R. Crim. P. 3.850(b)(1).

> In order to obtain relief on a claim of newly discovered evidence, a claimant must show, first, that the newly discovered evidence was unknown to the defendant or defendant's counsel at the time of trial and could not have been discovered through due diligence and, second, that the evidence is of such a character that it would probably produce an acquittal on retrial.

*Mills v. State*, 786 So. 2d 547, 549 (Fla. 2001) (citing *Jones v. State*, 709 So. 2d 512 (Fla. 1998)). Evidence would probably produce an acquittal on retrial if it weakens the case against the defendant to the extent that it creates a reasonable doubt as to his guilt. *Lowe v. State*, 2 So. 3d 21, 32 (Fla. 2008).

The newly discovered evidence upon which Defendant apparently relies is this Court's January 27, 2021 Order denying his motion for postconviction relief wherein, he contends, the Court made a finding that a crime was committed "as a matter of law." He argues that defense counsel had a duty to explain "matters of law" to him and because counsel failed to explain that a person *can* try to rob a closed bank with no one in it at 4:00 a.m., Defendant rejected favorable plea offers from the State.

The Court finds that Defendant has failed to establish the present motion is timely under the newly discovered evidence exception to Rule 3.850(b)'s two-year time bar. First and foremost, this Court's January 27, 2021 Order is not evidence. Second, the Court did not make any such finding as "a matter of law" or otherwise. Rather, the Court simply noted that because he was charged with *attempted* robbery, the fact that the bank was not open to the public and there were no victims present at the "time of the crime" had no bearing on the issue of Defendant's guilt of the criminal attempt.

At the risk of providing more fodder for future successive motions, the Court notes that there was evidence before the jury that Defendant intended to rob the bank during normal business hours when the bank was open and people were present. One such piece of evidence was the note found on Defendant's person at the time of his arrest. A note that Defendant also stipulated at trial to its existence. The note, which was admitted into evidence and read into the record at trial, is addressed to two bank employees by name. It advises that Defendant had wired the bank building with enough explosives to kill everyone inside if they did not follow his instructions. It also

2 of 4

*State v. Philip Raymond Pancoast, CRC10-03276CFANO*

specifically states, "Customers continue to come and go, business as usual. But if we see one bank employee come out the door, I'll blow up the building." (*See Exhibit 1: Trial Tr. p. 219*). It further advised that a nearby daycare was also rigged with explosives "and as of 8:45 a.m., seventeen youngins (sic) are counting on you to go home alive tonight." (*Ex. 1, p. 219*). Thus, the jury had evidence from which it could conclude that Defendant intended to rob the bank during open hours while people were present. And, as the Court found in its May 14, 2013 Order Denying in part and Dismissing in part Defendant's Second Emergency Motion for Postconviction Relief, "The jury's findings clearly reflect that Defendant did some act toward committing the crime of robbery beyond just thinking or talking about it, and he would have committed the crime except that someone prevented him from doing so (namely law enforcement)."

In sum, the Court finds the motion is untimely and Defendant has failed to establish the newly discovered evidence exception to Rule 3.850(b)'s two-year time bar. As such, Defendant's motion is untimely and successive and, pursuant to Rule 3.850(f)(1), denied with prejudice.

## **\*\*FIRST WARNING AGAINST FRIVOLOUS FILINGS\*\***

The Court notes that Defendant has repeatedly raised the claim that no crime was committed because it is impossible to try to rob a bank at 4:00 a.m. when the bank is closed and there are no people present. Defendant, himself, states in the present motion that he has raised this claim "throughout approximately forty (40) post-conviction motions."

This Court has an affirmative duty to ensure its finite resources are utilized in a way that both enhances judicial efficiency and promotes the interest of justice. *See Rivera v. State*, 728 So. 2d 1165, 1166 (Fla. 1998) (recognizing the Court's inherent power to bar abusive litigants from continually filing frivolous motions or petitions). Addressing successive claims hinders the Court's ability to address other defendants' meritorious claims in an efficient manner. **This Order serves to warn Defendant that additional successive filings, as to either the particular claims raised here, or any other successive claim, may result in an order imposing sanctions that include barring Defendant from future access to this Court.** *See id.; State v. Spencer*, 751 So. 2d 47, 48 (Fla. 1999); *Attwood v. Singletary*, 661 So. 2d 1216, 1217 (Fla. 1995). Additionally, section 944.279, Florida Statutes, sets forth disciplinary procedures applicable to prisoners who bring frivolous filings before the Court. The Court, on its own motion, may inquire whether a frivolous or malicious collateral criminal proceeding has been filed. § 944.279, Fla. Stat. (2016). Under

3 of 4

*State v. Philip Raymond Pancoast, CRC10-03276CFANO*

section 944.28(2)(a), Florida Statutes, such a finding may result in forfeiture of all or part of any accumulated gain time. *Tannehill v. State*, 843 So. 2d 355, 356 (Fla. 3d DCA 2003). It may also result in disciplinary proceedings under sections 944.279 and 944.09, Florida Statutes.

Based on the above, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for Postconviction Relief is **DENIED with prejudice.**

**DONE AND ORDERED** in Chambers at Clearwater, Pinellas County, Florida this ⟨handwritten⟩ day of April 2021. A true and correct copy of this order has been furnished to the persons listed below.

_____
William H. Burgess III, Circuit Judge

cc:
Office of the State Attorney

Philip R. Pancoast; DC# 258810
Madison Correctional Institution
382 Southwest MCI Way
Madison, FL 32340-4430

4 of 4