UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHILIP PANCOAST,

    Petitioner,

v.                                              Case No. 8:22-cv-861-KKM-AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____

## ORDER

    Philip Pancoast filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1). Pancoast challenges his state court convictions entered in Pinellas County case 10-3276. Pancoast challenged the same state court conviction in an earlier case, *Pancoast v. Sec'y, Dep't of Corr.*, 8:14-cv-2630-EAK-AEP. The Court denied the twelve grounds in that petition on the merits. (Doc. 56, 8:14-cv-2630-EAK-AEP). The Eleventh Circuit Court of Appeals denied Pancoast a certificate of appealability. (Doc. 75, 8:14-cv-2630-EAK-AEP).

    The present petition is successive because it challenges the same state court judgments that Pancoast challenged in an earlier action under § 2254. *See Magwood v. Patterson*, 561 U.S. 320, 338–39 (2010) (stating that a § 2254 petition attacking the same

state court judgment that was challenged in an earlier § 2254 petition is successive). The Court lacks jurisdiction to consider Pancoast's petition until Pancoast obtains permission from the Eleventh Circuit to file a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A) (providing that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"); *see Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."); *Hubbard v. Campbell*, 379 F.3d 1245, 1246–47 (11th Cir. 2004) (recognizing that a district court is without jurisdiction to review a second or successive petition if a petitioner has not obtained authorization from the circuit court as required under § 2244(b)(3)(A)).

Pancoast contends that he discovered new facts which support a claim for relief. (Doc. 1 at 10–11.) Pancoast must demonstrate to the Eleventh Circuit that: (1) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and (2) "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty

of the underlying offense." 28 U.S.C. § 2244(b)(2)(B). *In re Everett*, 797 F.3d 1282, 1290 (11th Cir. 2015) ("Under the plain language of the statute, § 2244(b)(2)(B)(ii) requires both clear and convincing evidence of actual innocence *and a constitutional violation*, which we have referred to as the 'actual innocence plus' standard.") (italics in original).

Accordingly, it is **ORDERED** that Pancoast's petition (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. The **CLERK** is directed to **CLOSE** this case. Because the Court is without jurisdiction to consider the petition, the Court cannot issue a certificate of appealability (COA). *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) ("Without . . . authorization [for the district court to review a successive habeas petition] the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims.").

**ORDERED** in Tampa, Florida, on April 21, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge